IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.      Case No. 21-10008-JWB

AARON WIRTZ,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for sentence reduction. (Doc. 65.) The motion is ripe for decision. (Doc. 67.)[1] The motion is DENIED for the reasons stated herein.

**I.  Facts and Procedural History**

On December 21, 2021, Defendant pleaded guilty to one count of possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Doc. 44.) Defendant was sentenced to 72 months imprisonment on August 9, 2022. (Doc. 60.) Defendant did not file an appeal.

Defendant now moves to reduce his sentence due to a change in the sentencing guidelines.

**II.  Analysis**

Defendant seeks a reduction in his sentence on the basis that Amendment 821 to the Sentencing Guidelines provides an adjustment for zero-point offenders. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to

---

[1] Defendant did not file a reply brief and the time for doing so has now passed.

1

a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for certain "Zero-Point Offenders." *See* United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited March 4, 2024).

Defendant is a zero-point offender. (Doc. 47 ¶ 66.) However, in order to receive an adjustment under the amended guideline, Defendant must also meet other criteria. *See* U.S.S.G. § 4C1.1. (stating that "if the defendant meets **all** of the following criteria" then "decrease the offense level . . . by 2 levels.") One of those criteria states that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." *Id.* § 4C1.1(a)(7). According to the presentence report, Defendant possessed firearms in connection with the offense and was given an enhancement as a result. (Doc. 47 ¶ 52.) Therefore, he would not be entitled to a reduction under the new guideline.

### III.   Conclusion

Defendant's motion for sentence reduction (Doc. 65) is DENIED.

IT IS SO ORDERED. Dated this 4th day of March, 2024.

                                                s/ John W. Broomes  
                                                JOHN W. BROOMES  
                                                UNITED STATES DISTRICT JUDGE